1  JASON P. BROWN (SBN 266472)
   Email: jpbrown@fisherphillips.com
2  HYUNKI (JOHN) JUNG (SBN 318887)
   Email: hjung@fisherphillips.com
3  FISHER & PHILLIPS LLP
   One Montgomery Street, Suite 3400
4  San Francisco, California 94104
   Telephone: (415) 490-9000
5  Facsimile: (415) 490-9001
6
   Attorneys for Defendant
7  BEATPORT, LLC
8
9                     UNITED STATES DISTRICT COURT
10                   NORTHERN DISTRICT OF CALIFORNIA
11 

| MARK DEMMA, an individual, | Case No: |
|---|---|
| Plaintiff, | *[Removed from San Francisco Superior Court, Case No.: CGC-23-608504]* |
| v. | |
| BEATPORT, LLC, a Colorado limited liability corporation; SEDIN DUGUM, an individual; SEAN SULLIVAN, an individual; and DOES 1-25, inclusive, | **DEFENDANT BEATPORT, LLC'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |
| Defendants. | |

21 **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND HIS**
22 **ATTORNEYS OF RECORD:**
23       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sections 1332, 1441, and 1446,
24 Defendant Beatport, LLC ("Beatport" or "Defendant") by and through their attorneys, hereby submits
25 this Notice and Petition for Removal ("Notice") to remove the above-entitled state court action from
26 the Superior Court of the State of California in and for the County of San Francisco, to the United
27 States District Court for the Northern District of California. Removal is proper for the following
28 reasons:

## I. STATEMENT OF JURISDICTION

This matter is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.

## II. VENUE

The state action was filed in the Superior Court for the State of California, County of San Francisco. Thus, venue properly lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. Sections 84(a), 1391(a), and 1441(a).

## III. PROCEDURAL HISTORY IN THE STATE COURT ACTION

On August 21, 2023, Plaintiff commenced the state action in San Francisco Superior Court entitled *Mark Demma v. Beatport LLC, et al.*, Case No. CGC-23-608504. Declaration of Jason P. Brown ("Brown Decl."), ¶ 2, **Ex. A** (Complaint). In the Complaint, Plaintiff alleges causes of action for: (1) Wrongful Discharge in Violation of Public Policy; (2) Harassment Based on Sexual Orientation; (3) Failure to Prevent Harassment Based on Sexual Orientation; and (4) Discrimination / Wrongful Discharge Based on Sexual Orientation. *Id.*; *See also generally* Complaint.

On August 22, 2023, defense counsel advised Plaintiff's counsel that he was authorized to accept service on behalf of the corporate Defendant Beatport via a Notice for Acknowledgement of Receipt ("NAR"). Brown Decl., ¶ 3, **Ex. B**.

On September 11, 2023, defense counsel timely[1] returned the signed NAR to counsel for Plaintiff to acknowledge service of the Summons, Complaint, Civil Case Cover Sheet, SF Superior ADR Packet, and Notice of CMC & ADR Requirements on Beatport, effective September 11, 2023. Brown Decl., ¶ 4, **Ex. C**. Defendant Beatport's time to remove was 30 days from service, or by October 11, 2023. Brown Decl., ¶ 5.

///

---

[1] Pursuant to Section 415.30 of the California *Code of Civil Procedure*, Defendant Beatport timely completed the NAR form and returned it to counsel for Plaintiff within 20 days, which was September 11, 2023.

IV. **DIVERSITY JURISDICTION EXISTS**

The Court has original jurisdiction over this action because it is an action between citizens of different states involving an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a).

A. **The Parties Are Diverse.**

1. **Plaintiff is a Citizen of California.**

A natural person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place they reside with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Residence is prima facie evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).

Here, Plaintiff alleges that he resides and "continues to reside in the County of San Francisco in the State of California." Complaint, ¶ 1. He also alleges that his "claims arise out of or relate to Beatport's California-related activities." Complaint, ¶ 12. *See Wilson* v. *CitiMortgage,* No. 5:13–cv–02294–ODW (SPx), 2013 WL 6871822, at *2 (C.D. Cal. Dec. 17, 2013) (noting that other objective facts, including plaintiff's place of employment, may further establish his citizenship for purposes of removal) (quoting *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). There is no dispute that Plaintiff is a citizen, domiciliary, and resident of the State of California.

2. **Beatport is a Citizen of Colorado.**

Defendant Beatport is a citizen of the State of Colorado as defined by 28 U.S.C. Section 1332(c). Plaintiff states this on the face of his Complaint. *See* Complaint, ¶ 2. Furthermore, a corporation is deemed to be a citizen of the state in which it was incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Under the "nerve center" test, a corporation's principal place of business is "the place where a corporation's officers direct, control,

and coordinate the corporation's activities." *Hertz Corp.* v. *Friend, et al.,* 599 U.S. 77, 80-81, 91-93 (2010).

Here, Beatport satisfies each component of the test. Beatport is incorporated in the State of Colorado. *See* Complaint, ¶ 2. Beatport's principal place of business is also in the State of Colorado. *Id.* Beatport's headquarters are located at 3501 Wazee St Ste 103, Denver, Colorado 80216. Declaration of Julia Kammann ("Kammann Decl."), ¶ 3. At all relevant times herein, while a few of Beatport's executives reside in the United Kingdom, the majority of its executives work out of Beatport's corporate headquarters located in Denver, Colorado. *Id.* In addition to conducting the executive meetings at the Denver headquarters, these officers primarily perform their day-to-day job duties in Denver, Colorado, including controlling, directing, and coordinating the activities of Beatport globally. *Id.* Accordingly, Beatport is, and at all relevant times has been, a citizen of the State of Colorado.

### 3. The Individual Defendants Have Not Been Served and Are Not Citizens of California.

Plaintiff has elected, frivolously, to name two individual defendants in this action. The first, Defendant Dugum, is as stated on the face of the Complaint a citizen of Bosnia, a foreign country. *See* Complaint, ¶ 3. The second, Sullivan, as stated on the face of the Complaint, is and at all relevant times was, a citizen of the State of Colorado. *See id.*, ¶ 4. Plaintiff has also named Doe Defendants, but their presence has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."). Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Plaintiff is a citizen of California. Beatport is a citizen of Colorado. And neither of the unserved (improperly named) individual Defendants are citizens of California either. Diversity of citizenship is met.

### B. The Amount in Controversy Exceeds $75,000

The second requirement for diversity jurisdiction—that the amount in controversy exceeds the $75,000 threshold specified in 28 U.S.C. § 1332—is also easily satisfied in this case. This is an

employment discrimination lawsuit for a Beatport employee who made approximately $196,560 annually. Kammann Decl., ¶ 4. The Complaint seeks various forms of relief, including general and special damages, punitive damages, attorney's fees, and costs of suit. *See* Complaint, at pp. 13-14. Where, as here, the Complaint does not specify the amount of damages sought, Defendants may prove, by "a preponderance of the evidence," that the amount in controversy exceeds the jurisdictional requirement. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403 (9th Cir. 1996). The burden is not great, as "the amount in controversy requirement presumes that plaintiff prevails on liability" on each claim alleged. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1000-1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)).

In performing this analysis, the Court may "look beyond allegations in the complaint and consider other evidence relevant to the amount in controversy at the time of removal." *Uribe v. Autozone, Inc.*, 166 F. App'x 896, 897 (9th Cir. 2006). For example, in determining whether the threshold is met, courts consider the aggregate of general damages, special damages, punitive damages, and attorney's fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages). Further, Defendants also can meet this burden by producing evidence of jury verdicts for damages awarded in cases with analogous facts. *See Gaus v. Miles, Inc.,* 980 F.2d 564, 564 (9th Cir. 1992); *Kroske v. US Bank Corp.,* 432 F.3d 976, 20 980 (9th Cir. 2005); *Vasquez v. Arvalo Digital Servs.,* No. CV 11-02836, 2011 WL 2560261 at *3 (C.D. Cal. June 27, 2011); *Simmons v. PCR Tech.,* 209 F.Supp.2d 1029, 1033-34 (N.D. Cal. 2002).

   **1.**  **Lost Earnings Exceed $75,000.**

As is typical in wrongful termination cases, Plaintiff alleges he has been financially injured for "loss of earnings" since his employment was terminated on June 23, 2023. *See* Complaint, ¶¶ 32, 47, 58, 69, 74. Lost earnings include back pay and may be considered when calculating the amount in

controversy. *See Lamke v. Sunstate Equip. Co., LLC,* 319 F.Supp.2d 1029, 1031, 1033 (N.D. Cal. 2004) (taking plaintiff's potential back pay into account for determining the amount in controversy). In a discrimination case, back pay is awarded from the date of the discriminatory act until the date of final judgment. *Krasezewki v. State Farm Gen. Ins. Co.,* 912 F.2d 1182, 1184 (9th Cir. 1990). Here, Plaintiff alleges that he maintained a full-time position as Director of Site Reliability Engineering at Beatport until he was terminated on June 23, 2023. Complaint, ¶ 1. At the time of his lawful and appropriate termination, Plaintiff's annual salary was approximately $196,560 (a monthly salary of approximately $16,380). Kammann Decl., ¶ 4. Assuming a conservative trial date of 12 months after service of the Complaint, or August 22, 2024, Plaintiff's lost wages up to the point of trial, alone, will amount to approximately $229,320. The amount in controversy is satisfied on just this economic damages component alone. But Plaintiff seeks not only loss of earnings, but also special damages, punitive damages, attorney's fees, and costs of suit. *See* Complaint, at pp. 13-14. Together with his anticipated regular pay earnings, the damages Plaintiff has placed in controversy greatly exceed the sum of $75,000.

  **2. Similar Jury Verdicts Exceed $75,000.**

To establish the amount in controversy, Defendants may also rely on jury verdicts in cases involving similar allegations. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). California jury verdicts in single-plaintiff FEHA regularly exceed $75,000. *See, e.g., King v. U.S. Bank N.A.*, Case No. 34-2013-00154644-CU-DF-GDS, 2017 WL 1881420 (Sacramento Sup. Ct. May 4, 2017) (jury awarded $2,489,696 in damages on wrongful termination in violation of public policy claim); *Ko v. The Square Group LLC dba The Square Supermarket*, Los Angeles Sup. Ct., Case No. BC487739 (June 16, 2014) ($190,712.36 verdict on plaintiff's claims for discrimination, retaliation, wrongful termination in violation of public policy); *Jaffe v. UHS-Corona Inc.*, No. RIC-543130, 2013 WL 8509821 (Riverside Sup. Ct. May 7, 2013) (jury awarded $121,850 for wrongful termination claim); *Rosales v. Career Sys. Devel. Corp.*, E.D. Cal., Case No. 08CV01383 (WBS) (August 20, 2010) (verdict for $238,000 on plaintiff's claims under the FEHA for national origin discrimination, age discrimination, retaliation, and wrongful termination); *Kell v. AutoZone Inc.*, Case No. 07AS04375, 2010 WL 1347162

(Sacramento Sup. Ct. Jan. 21, 2010) (jury awarded $1,368,675 in damages for wrongful termination and retaliation claims); *Kolas v. Alticor Inc.*, Case No. BC362432, 2008 WL 6040410 (Los Angeles Sup. Ct. Jan. 14, 2008) (awarding wrongful-discharge plaintiff $200,000 in emotional distress damages); *Butler v. Univ. of Cal. Los Angeles Med. Ctr.*, Dkt. No. BC266196, 2003 WL 26067456 (Los Angeles Sup. Ct. Aug. 5, 2003) ($1,000,000 in non-economic damages awarded to plaintiff claiming retaliation).

### 3.   Attorney's Fees Exceed $75,000

Plaintiff also seeks attorney's fees in connection with his FEHA claims, which are provided by statute. Fee awards in comparable Wrongful Termination cases show that attorneys' fees typically exceed $75,000. *See Denenberg v. Cal. Dep't of Transp.*, 2007 WL 2827715 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fees award of $490,000.00 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926.00 in case alleging discrimination and retaliation); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277.00 for claim of discrimination and retaliation). Therefore, the inclusion of a claim for attorney's fees also supports the conclusion that the amount in controversy in this case exceeds $75,000.

While Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a).

## V.   REMOVAL IS TIMELY

In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court. Removal is timely when it is filed less than one year from the date the state action was commenced and within 30 days of service upon Defendants or other papers from which it could first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint); Cal. *Code Civ. Proc.*, § 415.30 (c) ("[s]ervice of a summons pursuant to this section is deemed complete on the date a written Acknowledgment of receipt of summons is executed, if such Acknowledgment is thereafter returned to sender"); *see also Varga v. United*

7
DEFENDANT BEATPORT, LLC'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446
FP 48270546.6

*Airlines*, 2009 WL 2246208, *4 (N.D. Cal. 2009) ("By serving the summons and complaint pursuant to § 415.30 …, plaintiff indicated that service would be deemed complete when defendant signed and returned the notice and acknowledgment of receipt[.]")  Here, Defendants removed this action within 30 days after the NAR was timely signed and returned to Plaintiff's counsel on September 11, 2023.  Brown Decl., ¶¶ 4, 5.  Removal is timely.

## VI. REMOVING PARTY HAS COMPLIED WITH STATUTORY REQUIREMENTS

Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto a true and correct copy of the Summons and Complaint as **Exhibit 1** and a true and correct copy of the Civil Case Cover Sheet as **Exhibit 2**.  Exhibits 1-2 are the only process, pleadings, or orders in the state court's file that have been served on Defendants up to the date of filing this Notice of Removal.  As required by 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff's attorneys of record and will promptly file a copy of this Notice with the Clerk for the Superior Court of the State of California in and for San Francisco County.

Dated:  October 4, 2023

Respectfully submitted,

FISHER & PHILLIPS LLP

By: */s/ Jason P. Brown*
JASON P. BROWN
HYUNKI (JOHN) JUNG
Attorneys for Defendant
BEATPORT, LLC