# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BEATPORT, LLC, a Colorado limited liability corporation; Sedin Dugum, an individual; Sean Sullivan, an individual; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARK DEMMA, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court
Civic Center Courthouse, 400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* **CGC-23-608504**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael A. Slater, Esq., THE SLATER LAW FIRM, APC, 1900 Avenue of the Stars, 17th Fl., Los Angeles, CA 90067; 818-645-4406

DATE: **08/21/2023**
*(Fecha)*

Clerk, by **AUSTIN LAM**, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form]

MICHAEL A. SLATER (SBN 318899)
**THE SLATER LAW FIRM, APC**
1900 Avenue of the Stars, 17th Floor
Los Angeles, California 90067
Email: mslater@theslaterlawfirmapc.com
Tel: (818) 697-3051

Attorneys for Plaintiff, MARK DEMMA

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**08/21/2023**
**Clerk of the Court**
BY: AUSTIN LAM
**Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN FRANCISCO

CGC-23-608504

MARK DEMMA, an individual;

    Plaintiff,

    v.

BEATPORT, LLC, a Colorado limited liability corporation; Sedin Dugum, an individual; Sean Sullivan, an individual; and DOES 1 through 25, inclusive.

    Defendants.

Case No.:

**COMPLAINT FOR DAMAGES FOR:**

(1) Wrongful Discharge in Violation of Public Policy

(2) Harassment Based on Sexual Orientation

(3) Failure to Prevent Harassment Based on Sexual Orientation

(4) Discrimination / Wrongful Discharge Based on Sexual Orientation

**DEMAND FOR JURY TRIAL**

Unlimited Civil Jurisdiction

## COMPLAINT FOR DAMAGES

    Plaintiff Mark Demma, for his Complaint for damages against Defendants Beatport, LLC, Sedin Dugum, Sean Sullivan and DOES 1 through 25, inclusive (collectively, "Defendants"), alleges as follows:

### THE PARTIES

    1.    Plaintiff Mark Demma ("Plaintiff") is a citizen of the United States, who, at the times of the violations of law alleged herein resided and at the present time, continues to reside in the County

1  of San Francisco in the State of California. Starting on January 25, 2021, and at the times of the violations of law alleged herein, Plaintiff maintained the full-time position of Director of Site Reliability Engineering at Beatport.

2. Defendant Beatport, LLC ("Beatport") is a Colorado-incorporated limited liability company having its principal place of business at 3501 Wazee Street, Suite 318, Denver, Colorado 80216. Founded in 2004 as the principal source of music for disc jockeys (DJs), Beatport is today the worldwide home of electronic music for DJs, producers and their fans. Beatport provides the global DJ community access to a vast catalogue of high-quality, expertly curated digital music from the industry's leading artists and labels. Beatport maintains brick-and-mortar offices at the following three locations: 3501 Wazee Street, Suite 318, Denver, Colorado 80216; Pfuelstraße 5, 10997 Berlin, Germany; and 1180 South Beverly Drive, Suite 200 Los Angeles, California 90035.

3. Defendant Sedin Dugum ("Defendant Sedin") is an individual who, at the time of the violations of law alleged herein, was employed by Beatport as Director of Engineering (EU) and supervisor to Plaintiff. On information and belief, Defendant Sedin is a citizen of Bosnia and lives in the Bosnian capital of Sarajevo. At the times of the violations of law alleged herein, Defendant Sedin was acting within the course and scope of his employment with Beatport.

4. Defendant Sean Sullivan is an individual who, at the time of the violations of law alleged herein, was employed by Beatport as Chief Technology Officer. (Hereafter, "Defendant CTO Sullivan.") On information and belief, Defendant CTO Sullivan is a citizen of Colorado. At the times of the violations of law alleged herein, Defendant CTO Sullivan was acting within the course and scope of his employment with Beatport.

5. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 25 (collectively, "Defendant Defendants") and, therefore, sue the DOE Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained. Plaintiff believes and alleges that each of the DOE Defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each of the DOE Defendants proximately caused Plaintiff's injuries and damages because of their

THE SLATER LAW FIRM, APC
1900 Ave. Of The Stars, 17th Fl
Los Angeles, CA 90067

COMPLAINT FOR DAMAGES

2

conduct, negligence, breach of duty, management and/or violation of public policy. Each DOE Defendant is liable for their personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control or upon any other act or omission.

## JURISDICTION & VENUE

6. This Court has jurisdiction over Plaintiff's claims under California Code of Civil Procedure section 410.10.

7. Though Defendants are not citizens of the State of California, this Court has general jurisdiction over Defendants, because Defendants' affiliations with the State of California are so continuous and systematic as to render Defendants essentially at home in the State of California.

8. Beatport maintains an office location at 1180 South Beverly Drive, Suite 200 Los Angeles, California 90035.

9. Beatport has also purposefully availed itself of the privilege of conducting activities in the State of California. Indeed, Beatport knowingly conducts business with California residents through its website, http://www.beatport.com.

10. On February 4, 2019—through its California attorneys at Miller, Nash, Graham & Dunn, LLP (340 Golden Shore, Suite 450, Long Beach, California 90802)—Beatport filed a lawsuit against SoundCloud Limited (and others) for (1) Trade Secret Misappropriation and (2) Misappropriation of a Trade Secret Under California Civil Code sections 3426 –3426.11. In April 2018, Beatport acquired substantially all of the assets of Pulselocker, Inc.—a Delaware company with its principal place of business in San Francisco, California.

11. At the times of the violations of law alleged herein, Defendant Sedin was acting within the course and scope of his employment with Beatport.

12. Additionally, Plaintiff is employed by Beatport in the State of California; as such, Plaintiff's claims arise out of or relate to Beatport's California-related activities.

13. As such, maintenance of Plaintiff's claims against Defendants in California would not offend traditional notions of fair play and substantial justice.

14. This Court has subject-matter jurisdiction over Plaintiff's state law claim for Wrongful Discharge in Violation of Public Policy, which arise under California common law. This Court also has subject-matter jurisdiction over Plaintiff's state law claims for violations of California's Fair Employment & Housing Act ("FEHA").

15. Venue is proper in this judicial district under California Code of Civil Procedure section 395.5, because the liability in this matter arises in the County of San Francisco—which is where Plaintiff lives, where Plaintiff entered into his employment contract with Beatport, where Plaintiff performed his obligations under his employment contract with Beatport, and where Plaintiff's injuries occurred.

16. This is an unlimited civil case, as the amount in controversy exceeds the jurisdictional minimum amount for unlimited civil cases in California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. On August 18, 2023, and within one year of the last date of the harassment Plaintiff is alleging herein against Sedin, and before this lawsuit was filed, Plaintiff filed a charge of harassment against Defendant Sedin with State of California Civil Rights Department ("CRD").

18. On August 18, 2023, CRD issued Plaintiff a Right-To-Sue Letter as to Defendant Sedin.

19. As such, Plaintiff has exhausted all administrative remedies and may bring claims against Defendant Sedin for violation of FEHA.

## FACTUAL ALLEGATIONS

20. On April 26, 2023,[1] Plaintiff participated in a weekly videoconference meeting of Engineering Managers, during which time the launch of a new Beatport website (internally referred to as "Beatport Nextgen") was discussed among the following individuals: Beatport Vice President of Engineering, Sedin Dugum; Beatport Director of Engineering (EU), Maciej Dudek; and Beatport Director of Engineering (US), Morgan Soley ("Director Soley"). (The "Nextgen Meeting.")

---

[1] All references to dates refer to dates in 2023 unless otherwise indicated.

THE SLATER LAW FIRM, APC
1900 Ave. Of The Stars, 17th Fl
Los Angeles, CA 90067

21. Defendant Sedin was Plaintiff's supervisor and, on behalf of Beatport, had the power to take tangible employment actions against Plaintiff.

22. During the Nextgen Meeting, Plaintiff recommended that the website launch be delayed until a soft launch of the website could be completed to check for potential issues. In response, Defendant Sedin excoriated Plaintiff—blaming Plaintiff and his team's lack of readiness for any yet-to-be-determined issues with the website launch.

23. The day after the Nextgen Meeting, Plaintiff and Defendant Sedin met just the two of them. During said meeting, Plaintiff indicated that Plaintiff should not be afraid to make suggestions to Defendant Sedin regarding Beatport Nextgen or any other Beatport matters, but that Plaintiff was made to feel afraid to do so by Defendant Sedin. In response, Defendant Sedin again excoriated Plaintiff. Additionally, Defendant Sedin told Plaintiff: (1) that Defendant Sedin had heard Plaintiff had been discussing compensation with other Beatport employees; (2) that unspecified Beatport executives were upset because Plaintiff had been discussing compensation with other Beatport employees; and (3) ordered Plaintiff to stop having compensation-related conversations with other Beatport employees. Defendant Sedin went so far as to forbid Plaintiff from having any conversations whatsoever with any Beatport employees other than with Defendant Sedin and members of Plaintiff's direct team at Beatport.

24. In the days that followed the Nextgen Meeting, Plaintiff separately expressed to Director Soley his concern regarding Defendant Sedin's conduct towards Plaintiff both before, during and after the Nextgen Meeting. Director Soley agreed with Plaintiff that Defendant Sedin had acted inappropriately towards Plaintiff at the Nextgen Meeting. Director Soley also indicated that he would raise the issue with Beatport Chief Technology Officer, Defendant CTO Sean Sullivan, which Director Soley did.

25. Plaintiff later reported Defendant Sedin's hostility directly to Defendant CTO Sullivan, who also acknowledged Defendant Sedin's hostility and speculated that Defendant Sedin's hostility was the result of "cultural differences."

26. Based on Defendant CTO Sullivan's "cultural differences" comment and Plaintiff's conversations with Defendant CTO Sullivan and Director Sullivan, it was clear to Plaintiff that by "cultural differences," Defendant CTO Sullivan was referring to: Defendant Sedin's hypermasculinity; that Defendant Sedin's expectations for how a man "should act" was influenced by his hypermasculinity and the machismo culture in Bosnia where Defendant Sedin lived and worked; and Defendant Sedin's discomfort with and disdain for queer men whose conduct and presentation did not fall in line with Defendant Sedin's cultural and behavioral expectations—including Plaintiff, who is a proudly open gay man.

27. In the months that followed Plaintiff's conversations with Director Soley and Defendant CTO Sullivan as described above, neither Director Soley, Defendant CTO Sullivan nor any other Beatport employee with authority over Defendant Sedin took any steps to prevent Defendant Sedin from further harassing Plaintiff. Beatport took no corrective action regarding the hostility and harassment that Plaintiff had reported, including taking steps to prevent Defendant Sedin from continuing his hostile and harassing behavior towards Plaintiff.

28. Indeed, in the months that followed Plaintiff's conversations with Director Soley and CTO Sullivan as described above, Defendant CTO Sullivan cancelled his regularly-scheduled, periodic one-on-one meetings with Plaintiff, and he did so without explanation or efforts to reschedule. As such, Plaintiff's lines of communication with Defendant CTO Sullivan and with those who had the authority to curb Defendant Sedin's hostile and harassing behavior towards Plaintiff were substantially cut off.

29. It came to Plaintiff as no surprise that, as a result of Beatport's inaction, in the months that followed Plaintiff's conversations with Director Soley and Defendant CTO Sullivan as described above, Defendant Sedin continued to further harass and be hostile towards Plaintiff—including especially in their one-on-one meetings, during which time Defendant Sedin would excoriate Plaintiff for even trying to have his ideas and concerns aired and considered. All the while, Defendant Sedin continued to excoriate Plaintiff for discussing compensation with other Beatport employees.

THE SLATER LAW FIRM, APC
1900 Ave. Of The Stars, 17th Fl
Los Angeles, CA 90067

30. On June 23, Defendant Sedin terminated Plaintiff's employment at Beatport, in retaliation against Plaintiff for discussing compensation with other Beatport employees and/or on account of Plaintiff's sexual orientation.

31. It would be pretext to claim Plaintiff was terminated from Beatport for performance-related issue. Indeed, throughout his employment at Beatport, Plaintiff received regular praise not only from those who reported to him, but from those to whom he reported. During his last review-cycle (April 2023) at Beatport before being terminated, no one at Beatport had anything meaningfully negative to say about Plaintiff at all, both with respect to Plaintiff's performance at Beatport and likeability—including Defendant Sedin.

32. As a direct and proximate result of Defendants' conduct, Plaintiff has been financially and emotionally injured—including, but not limited to, for loss of earnings.

## FIRST CLAIM FOR RELIEF

### Wrongful Discharge in Violation of Public Policy (California Common Law)

### (Against All Defendants)

33. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

34. Starting on January 25, 2021, and at the times of the violations of law alleged herein, Plaintiff maintained the full-time position of Director of Site Reliability Engineering at Beatport. Accordingly, Beatport and Plaintiff had an employer-employee relationship.

35. During the April 26, 2023 Nextgen Meeting, Plaintiff recommended that a website launch be delayed until a soft launch of the website could be completed to check for potential issues. In response, Defendant Sedin publicly excoriated Plaintiff—blaming Plaintiff and his team's lack of readiness for any yet-to-be-determined issues with the website launch.

36. The day after the NextGen meeting, Defendant Sedin told Plaintiff: (1) that Defendant Sedin had heard Plaintiff had been discussing compensation with other Beatport employees; (2) that unspecified Beatport executives were upset because Plaintiff had been discussing compensation with

THE SLATER LAW FIRM, APC
1900 Ave. Of The Stars, 17th Fl
Los Angeles, CA 90067

other Beatport employees; and (3) ordered Plaintiff to stop having compensation-related conversations with other Beatport employees.

37. When Plaintiff later reported Defendant Sedin's hostility directly to Defendant CTO Sullivan, Defendant CTO Sullivan acknowledged Defendant Sedin's hostility and speculated that Defendant Sedin's hostility was the result of "cultural differences."

38. Based on Defendant CTO Sullivan's "cultural differences" comment and Plaintiff's conversations with CTO Sullivan and Director Sullivan, it was clear to Plaintiff that by "cultural differences," CTO Sullivan was referring to: Defendant Sedin's hypermasculinity; that Defendant Sedin's expectations for how a man "should act" was influenced by his hypermasculinity and the machismo culture in Bosnia where Defendant Sedin lived and worked; and Defendant Sedin's discomfort with and disdain for queer men whose conduct and presentation did not fall in line with Defendant Sedin's cultural and behavioral expectations—including Plaintiff, who is a proudly open gay man.

39. On June 23, Defendant Sedin terminated Plaintiff's employment at Beatport.

40. Plaintiff's employment at Beatport was terminated in retaliation against Plaintiff for Plaintiff having discussed compensation with other Beatport employees and/or on account of Plaintiff's sexual orientation. (Hereafter, "Plaintiff's Termination.")

41. It would be pretext to claim Plaintiff was terminated from Beatport for performance-related issue. Indeed, throughout his employment at Beatport, Plaintiff received regular praise not only from those who reported to him, but from those to whom he reported. During his last review-cycle (April 2023) at Beatport before being terminated, no one at Beatport had anything meaningfully negative to say about Plaintiff at all, both with respect to Plaintiff's performance at Beatport and likeability—including Defendant Sedin.

42. As such, Plaintiff's Termination was a violation of public policy.

43. As recognized in <u>Grant-Burton v. Covenant Care, Inc.</u>, 99 Cal. App. 4th 1361, 1375–76 (2002), terminating an employee for discussing his or her wages with coworkers violates public policy expressed in both state and federal statutes. First, California Labor Code section 232 expressly

prohibits terminations for discussing wages with coworkers. Additionally, California Labor Code section 923 and the National labor Relations Act (29 USC, § 151 et seq.) guarantee employees the right to engage in "concerted activities," including communication on matters of common concern such as wages.

44. Additionally, as recognized in <u>Leibert v. Transworld Sys., Inc.</u>, 32 Cal. App. 4th 1693 (1995), terminating an employee for his or her sexual orientation violates public policy as a matter of law.

45. There is a clear nexus between Plaintiff's protected activity—discussing compensation with other Beatport employees; and being a gay man) and Plaintiff's Termination from Beatport.

46. Defendants' decision to terminate Plaintiff's employment at Beatport, and the reasons therefor, were egregious, outrageous and shock the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's common law and civil rights.

47. Plaintiff's Termination was the legal cause of Plaintiff's damages—which include, but are not limited to, damages for loss of earnings and emotional distress.

## SECOND CLAIM FOR RELIEF

**Harassment Based on Sexual Orientation (Cal. Gov. Code, § 12940(j)(1))**

**(Against Defendant Sedin)**

48. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

49. Under FEHA, it is unlawful to harass someone in the workplace based on, among other things, their sexual orientation. (Cal. Gov. Code, § 12940(j)(1).)

50. The FEHA defines "sexual orientation" as "heterosexuality, homosexuality, and bisexuality." (Cal. Gov. Code, § 12926(s).)

51. Under FEHA, harassment consists of a type of conduct not necessary for performance of a supervisory job. Instead, harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or

bigotry, or for other personal motives. Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job.

52. As described in more detail above, Defendant Sedin harassed Plaintiff on account of Plaintiff's sexual orientation.

53. When Plaintiff reported Defendant Sedin's hostility and harassment directly to Defendant CTO Sullivan, Defendant CTO Sullivan acknowledged Defendant Sedin's hostility and speculated that Defendant Sedin's hostility was the result of "cultural differences."

54. Based on CTO Sullivan's "cultural differences" comment and Plaintiff's conversations with Defendant CTO Sullivan and Director Sullivan, it was clear to Plaintiff that by "cultural differences," Defendant CTO Sullivan was referring to: Defendant Sedin's hypermasculinity; that Defendant Sedin's expectations for how a man "should act" was influenced by his hypermasculinity and the machismo culture in Bosnia where Defendant Sedin lived and worked; and Defendant Sedin's discomfort with and disdain for queer men whose conduct and presentation did not fall in line with Defendant Sedin's cultural and behavioral expectations—including Plaintiff, who is a proudly open gay man.

55. Defendant Sedin sexual-orientation-based harassment and hostility toward Plaintiff was not necessary for the performance of Defendant Sedin's job at Beatport but was instead for his personal gratification, because of meanness or bigotry, or for other personal motives.

56. Defendant Sedin sexual-orientation-based harassment toward Plaintiff was egregious, outrageous and shock the conscience; and/or was committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's civil rights.

57. Defendant Sedin's sexual-orientation-based harassment toward Plaintiff was committed within the course and scope of his employment with Beatport. As such, Beatport is vicariously liability for Defendant Sedin sexual-orientation-based harassment toward Plaintiff.

58. As a direct and proximate result of Defendant Sedin's sexual-orientation-based harassment and hostility toward Plaintiff, Plaintiff has been financially and emotionally injured—including, but not limited to, for loss of earnings.

# THIRD CLAIM FOR RELIEF

**Failure to Prevent Harassment Based on Sexual Orientation (Cal. Gov. Code, § 12940(k))**

**(Against Beatport, Defendant CTO Sullivan and DOES 1 through 25)**

59. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

60. Under FEHA, it is an "unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." (Cal. Gov. Code, § 12940(k).) A failure-to-prevent claim is derivative of an underlying claim for harassment or discrimination.

61. Plaintiff's failure-to-prevent claim is derivative of his sexual-orientation-based harassment claim against Defendant Sedin, as alleged and asserted herein.

62. Based on Defendant CTO Sullivan's "cultural differences" comment and Plaintiff's conversations with Defendant CTO Sullivan and Director Sullivan, it was clear to Plaintiff that by "cultural differences," Defendant CTO Sullivan was referring to: Defendant Sedin's hypermasculinity; that Defendant Sedin's expectations for how a man "should act" was influenced by his hypermasculinity and the machismo culture in Bosnia where Defendant Sedin lived and worked; and Defendant Sedin's discomfort with and disdain for queer men whose conduct and presentation did not fall in line with Defendant Sedin's cultural and behavioral expectations—including Plaintiff, who is a proudly open gay man.

63. In the months that followed Plaintiff's conversations with Director Soley and Defendant CTO Sullivan as described above, neither Director Soley, Defendant CTO Sullivan nor any other Beatport employee with authority over Defendant Sedin took any steps to prevent Defendant Sedin from further harassing Plaintiff. Beatport took no corrective action regarding the hostility and harassment that Plaintiff had reported, including taking steps to prevent Defendant Sedin from continuing his hostile and harassing behavior towards Plaintiff.

64. Indeed, in the months that followed Plaintiff's conversations with Director Soley and Defendant CTO Sullivan as described above, Defendant CTO Sullivan cancelled his regularly-

scheduled, periodic one-on-one meetings with Plaintiff, and he did so without explanation or efforts to reschedule. As such, Plaintiff's lines of communication with Defendant CTO Sullivan and with those who had the authority to curb Defendant Sedin's hostile and harassing behavior towards Plaintiff were substantially cut off.

65. It came to Plaintiff as no surprise that, as a result of Beatport's inaction, in the months that followed Plaintiff's conversations with Director Soley and Defendant CTO Sullivan as described above, Defendant Sedin continued to further harass and be hostile towards Plaintiff—including especially in their one-on-one meetings, during which time Defendant Sedin would excoriate Plaintiff for even trying to have his ideas and concerns aired and considered. All the while, Defendant Sedin continued to excoriate Plaintiff for discussing compensation with other Beatport employees.

66. On June 23, Defendant Sedin terminated Plaintiff's employment at Beatport, in retaliation against Plaintiff for discussing compensation with other Beatport employees and/or on account of Plaintiff's sexual orientation.

67. Defendant CTO Sullivan's failure to intervene to stop Defendant Sedin's sexual-orientation-based harassment against Plaintiff was egregious, outrageous and shock the conscience; and/or was committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's right be free from sexual-orientation-based harassment.

68. Defendant CTO Sullivan's failure to intervene to stop Defendant Sedin's sexual-orientation-based harassment against Plaintiff was committed within the course and scope of his employment with Beatport. As such, Beatport is vicariously liability for CTO Sullivan's failure to intervene to stop Defendant Sedin's sexual-orientation-based harassment against Plaintiff.

69. As a direct and proximate result of CTO Sullivan's failure to intervene to stop Defendant Sedin's sexual-orientation-based harassment against Plaintiff, Plaintiff has been financially and emotionally injured—including, but not limited to, for loss of earnings.

/ / /

/ / /

/ / /

## FOURTH CLAIM FOR RELIEF

### Discrimination / Wrongful Discharge for Sexual Orientation (Cal. Gov. Code, § 12940(a))

### (Against All Defendants)

70. Plaintiff incorporates all the foregoing allegations of this Complaint as though fully set forth herein.

71. FEHA prohibits discrimination in the terms, conditions or privilege of employment on the basis of, among other things, sexual orientation. (Cal. Gov. Code, § 12940(a).) As such, it is unlawful under FEHA for an employer to discharge an employee's employment based upon their sexual orientation.

72. As described in more detail above, Defendants' terminated Plaintiff's employment at Beatport, at least in part, on account of Plaintiff's sexual orientation.

73. Defendants' termination of Plaintiff's employment at Beatport on account of Plaintiff's sexual orientation was egregious, outrageous and shock the conscience; and/or was committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Plaintiff's civil rights as an employee.

74. As a direct and proximate result of his termination from Beatport, Plaintiff has been financially and emotionally injured—including, but not limited to, for loss of earnings.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mark Demma prays for judgment against Defendants Beatport, LLC, Sedin Dugum, Sean Sullivan and DOES 1 through 25, inclusive, as to each claim for relief as follows:

**AS TO PLAINTIFF'S FIRST CLAIM FOR RELIEF (**for Wrongful Discharge in Violation of Public Policy):
1. For general and special damages according to proof at trial;
2. For punitive damages;
3. For costs of suit; and
4. For such other relief as the Court deems just and proper.

**AS TO PLAINTIFF'S SECOND CLAIM FOR RELIEF (**for Harassment Based on Sexual Orientation):
1. For general and special damages according to proof at trial;

THE SLATER LAW FIRM, APC
1900 Ave. Of The Stars, 17th Fl
Los Angeles, CA 90067

2. For attorney's fees;
3. For punitive damages;
4. For costs of suit; and
5. For such other relief as the Court deems just and proper.

**AS TO PLAINTIFF'S THIRD CLAIM FOR RELIEF (**for Failure to Prevent Harassment Based on Sexual Orientation):
1. For general and special damages according to proof at trial;
2. For attorney's fees;
3. For punitive damages;
4. For costs of suit; and
5. For such other relief as the Court deems just and proper.

**AS TO PLAINTIFF'S FOURTH CLAIM FOR RELIEF (**for Discrimination / Wrongful Discharge Based on Sexual Orientation):
1. For general and special damages according to proof at trial;
2. For attorney's fees;
3. For punitive damages;
4. For costs of suit; and
5. For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiff hereby demands a trial before a jury on all triable issues presented in this Complaint.

Dated: August 18, 2023              **THE SLATER LAW FIRM, APC**

                                    By: */s/ Michael A. Slater*
                                        MICHAEL A. SLATER
                                        Counsel for Plaintiff, MARK DEMMA